<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000336
30-DEC-2025
07:51 AM
Dkt. 69 SO**</span>

NO. CAAP-23-0000336

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
VIHN DU CHAU, also known as VIHN CHAU, also known as ERIC CHAU,
Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2FFC-22-0000171)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant State of Hawaiʻi (the **State**) appeals from the April 11, 2023 Judgment of Acquittal (**Judgment of Acquittal**) entered by the Family Court of the Second Circuit (**Family Court**)[1] in favor of Defendant-Appellee Vihn Du Chau, also known as Vihn Chau, also known as Eric Chau (**Chau**).

The State raises a single point of error, contending that the Family Court erred when it entered the Judgment of Acquittal because the Family Court was, in effect, sustaining a motion to dismiss, not acquitting Chau.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable James R. Rouse presided.

the arguments advanced and the issues raised, we resolve the State's point of error as follows:

The State recognizes that it generally may not take an appeal in a criminal case when a defendant is acquitted. See Hawaii Revised Statutes (**HRS**) § 641-13(9) (2016) (allowing the State to appeal an acquittal following a verdict of guilty). However, the State relies on State v. Markowski, 88 Hawaiʻi 477, 481-82, 967 P.2d 674, 678-79 (App. 1998), wherein this court allowed the State to appeal a judgment of acquittal with respect to three counts where the judgment of acquittal was based on the defense's argument that the charges underlying those counts were defective. This court concluded that the Markowski trial court had not reached the issue of whether some or all of the factual elements of the charges were proven. Id. at 483, 967 P.2d at 680. Therefore, the Markowski judgment of acquittal was in form only, not in substance, and the trial court had grounded its ruling on the conclusion that the charges were defective. Id. Thus, the trial court had in effect dismissed the defective charges, which action is subject to appellate review under HRS § 641-13(1) (2016) (permitting a State appeal from a motion to dismiss, *inter alia*, a complaint or count).

This case is distinguishable. Here, the defense argument was that notice is an element of the charge and the State did not establish that particular element in its case in chief. While the Family Court may not have been fully correct in all aspects of its interpretation of the statute under which Chau was charged, its ruling was nevertheless grounded in its factual determination that the State failed to prove an element of the

2

charge, stating: "That element has not been established to this court's satisfaction." Chau was acquitted because the Family Court concluded that the State did not establish all of the elements of the charge.

Accordingly, appellate review is not available to the State on the issue raised in this case. The State's appeal is dismissed.[2]

DATED: Honolulu, Hawaiʻi, December 30, 2025.

On the briefs:

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellant.

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[2]    This Summary Disposition Order is a dismissal order. No subsequent judgment will be entered. See Hawaiʻi Rules of Appellate Procedure Rule 40.1(a)(1).